**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. <u>1:12-cv-09655</u> |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOES 1-25, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF'S CORRECTED MEMORANDUM IN OPPOSITION TO
MOTION FOR LEAVE TO PROCEED ANONYMOUSLY PURSUANT TO
FED. R. CIV. P. 8, MOTION TO QUASH SUBPOENA PURSUANT TO
FED. R. CIV. P. 45, AND MOTION TO SEVER PURSUANT TO
<u>FED. R. CIV. P. 21 ON BEHALF OF JOHN DOE 19 [CM/ECF 19]</u>**

**I.      INTRODUCTION**

Plaintiff respectfully requests the Court deny Defendant's Motion because Defendant has not demonstrated a proper basis to quash the subpoena and joinder is proper. Rule 45 governs a court's ability to quash a subpoena and Defendant has failed to demonstrate any of the Rule's requirements. Further, Defendant's motion relies largely upon *ad hominem* attacks on Plaintiff which are neither true nor relevant to a Rule 45 analysis. Although Plaintiff is willing to allow Defendant's identifying information to be filed under seal, Plaintiff must obtain the subpoena response from Defendant's ISP so that this case may proceed.

Next, Defendant's joinder argument also fails because joinder of the Defendants in this case is proper. Plaintiff pled that the Defendants are jointly and severally liable for the infringing activities of each of the other Defendants and that the Defendants' actions all arise out of the same series of transactions involving the exact same torrent file. Additionally, there are common questions of law and fact. Further, this Court has previously issued six (6) opinions holding joinder of doe defendants is proper in similar cases.

1

At this stage of the litigation process, Plaintiff has no other option but to file suit against the owners of these IP addresses to obtain the infringers' identities. If this Court were to follow Defendant's rationale, Plaintiff would have no recourse against the mass copyright infringement it suffers on a daily basis. "While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored."[1] Plaintiff has suffered great harm due to infringements committed by thousands of residents in this District and has no option but to file these suits to prevent the further widespread theft of its copyright. Accordingly, this Court should deny the subject motion.

## II. THIS COURT SHOULD NOT QUASH THE SUBPOENA

Rule 45(c)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of privileged materials; or, subjects a person to undue burden. *See Fed. R. Civ. P. 45(c)(3)(A)(i-iv).* The Rule also provides for circumstances in which a court may modify or quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secrets; disclosure of certain expert opinions; or, requires a nonparty to incur substantial expense to travel more than 100 miles to attend a trial. *See Fed. R. Civ. P. 45(c)(3)(B)(i-iii).* "No other grounds are listed." *Malibu Media, LLC v. John Does 1-21*, 2012 WL 3590902 (D. Colo. 2012) (emphasis added). Defendant's Motion fails to satisfy any of the above grounds and should therefore be denied.

### A. Defendant Has a Minimal Expectation of Privacy in the Subpoenaed Information

---

[1] *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003)* available at http://www.copyright.gov/docs/regstat090903.html

Defendant argues that this Court should quash the subpoena based upon its expectation of privacy in the subpoenaed information. This argument has been repeatedly rejected in cases of on-line copyright infringement. "To the extent that the [defendant] is asserting [a] . . . privacy interest in not having his identity revealed, courts have recognized that because internet subscribers must convey their identity and other information to an ISP in order to establish an account, they do 'not have a reasonable expectation of privacy in their subscriber information.'" *Hard Drive Prods. v. Does 1-48*, 2012 WL 2196038, (N.D. Ill. 2012). Further, "[t]he potential for embarrassment does not outweigh the statutory right of [Plaintiff] to protect its property interest in its copyright." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 (C.D. Ill. 2012). Rule 45 does not contemplate quashing a subpoena based upon the potential embarrassment of possibly being named as a Defendant in a lawsuit. See *Malibu Media, LLC v. John Does 1-22*, 2013 WL 24526 at *4 (D. Colo. 2013). "Although the Court acknowledges that there is some social stigma attached to consuming pornography, Defendant strenuously denies the allegations, and it is the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove." *Third Degree Films v. Does 1-36*, 2012 WL 2522151 (E.D. Mich. 2012) quoting *Patrick Collins, Inc. v. John Does 1–54,* 2012 WL 911432, at *4 (D.Ariz. 2012). In this case, Plaintiff's need to obtain the identity of the infringers far outweighs any asserted privacy interest that the Doe Defendants may have.

### B. Plaintiff Has No Alternative Means to Identify the Infringer

"At this stage of the proceedings, [Plaintiff] is merely seeking to identify who the defendants are based on their IP addresses." *MGCIP v. Does 1-316*, 2011 WL 2292958 (N.D. Ill. 2011). Plaintiff has no alternative means to identify those individuals who are using the BitTorrent protocol to infringe Plaintiff's copyrighted works. "Because of the very nature of

internet infringement, it is often the case that a plaintiff cannot identify an infringer in any way other than by IP number. Given the substantial federal policy underlying copyright law, it would be a travesty to let technology overtake the legal protection of that policy." *Malibu Media LLC v. John Does 1-12*, 2012 WL 5928528 (C.D. Ill. 2012).

Even if Defendant is not the actual infringer but merely the subscriber of internet service, the infringer was another person who was using the Defendant's internet service and "the Rules permit parties to obtain discovery of 'the <u>identity and location of persons who know of any discoverable matter.</u>'" *Raw Films, Ltd. v. John Does 1-15*, 2012 WL 1019067, at *14 (E.D. Pa. 2012) (emphasis added) (quoting *Fed. R. Civ. P. 26(b)(1)*). Accordingly, "[w]hether the individuals whose identities are sought by the subpoena are liable remains to be litigated and does not provide grounds upon which to quash the subpoena. The identi[t]y of individuals who may have violated the copyright is essential to resolving the copyright holder's claim." *Third Degree Films, Inc. v. Does 1-2010,* 2011 WL 4759283 (N.D. Ind. 2011). Other courts agree, noting that "any concern about identifying a potentially innocent ISP customer, who happens to fall within the Plaintiff's discovery requests upon the ISPs, is minimal and not an issue that would warrant the Court to exercise its inherent power to govern these discovery matters by minimizing or prohibiting the otherwise legitimate, relevant, and probative discovery." *Malibu Media, LLC v. John Does 1-9*, 8:12-cv-669-T-23AEP, *5 (M.D. Fla. 2012).

> The Court acknowledges that Verizon's compliance with the subpoena may not directly reveal the identity of an infringer. Indeed, the subscriber information Verizon discloses will only reveal the account holder's information, and it may be that a third party used that subscriber's IP address to commit the infringement alleged in this case.

*Raw Films,* 2012 WL 1019067 (E.D. Pa. 2012) (Internal citations omitted). The *Raw Films* Court went on to note that while the IP address did not guarantee the subscriber was the infringer, "[t]he subpoena is specific enough to give rise to a <u>reasonable likelihood</u> that

4

information facilitating service upon proper defendants will be disclosed if the ISPs comply." *Id.* (Emphasis added). Furthermore, "[t]he customers may know who used the Alleged IP Address at issue or whether some spoofing occurred. The identity of the customer is also likely to lead to any neighbor or other person who may have illegally connected to the customer's wireless technology. The subpoenas . . . are a proper use of discovery." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 (C.D. Ill. 2012).

While, as Defendant suggests, Plaintiff's process may not be 100% accurate, it is the most accurate and likely way to identify the person responsible for the use of that IP address. Indeed, it is the only way to enforce one's copyrights against online infringement. Without this ability, copyright owners would have a right without a remedy. Any such state of affairs would violate Chief Justice Marshall's often cited rule that "the very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he received an injury." *Marbury v. Madison*, 1 Cranch 137, 1803 WL 893, *17 (U.S. 1803).

### C. The Only Two Circuit Courts to Rule on the Issue Have Approved the Use of Rule 45 Subpoenas to Identify Anonymous On-line Infringers

Both the Second and Eighth Circuits, the only circuits to rule on the issue, have approved the use of Rule 45 subpoenas in on-line infringement cases to identify anonymous Doe Defendants. In *Arista Records, LLC. v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) the Second Circuit upheld the District Court's denial of a motion to quash after Arista obtained leave "to serve a subpoena on defendants' common ISP, the State University of New York at Albany." By so holding, the Second Circuit approved the process of issuing a Rule 45 subpoena to an ISP to identify anonymous Doe Defendants. Similarly, the Eight Circuit held "organizations such as the RIAA can file a John Doe suit, along with a motion for third-party discovery of the identity

of the otherwise anonymous 'John Doe' defendant." *In re Charter Communications, Inc.,*
*Subpoena Enforcement Matter*, 393 F.3d 771, FN3 (8th Cir. 2005).

### D. **Defendant's Denial of Liability Has No Bearing on a Motion to Quash**

Defendant's denial of liability is premature and is regardless not "relevant as to the
validity or enforceability of a subpoena, but rather should be presented and contested once
parties are brought properly into the suit." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D.
241, 250 (N.D. Ill. 2011) (*citing Achte/Neunte Boll Kino Beteiligungs Gmbh & Co.,* 736
F.Supp.2d at 215). *See also First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 256-57 (N.D.
Ill. 2011) (same); *Voltage Pictures, LLC v. Does 1-5,000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011)
(same). Prior to naming and serving a Doe Defendant, any denials of liability are not properly
considered by this Court because Plaintiff is still merely attempting to identify the putative
defendants.

### E. **Plaintiff Does Not Object to Filing Doe 19's Information Under Seal and Allowing Him to Proceed Anonymously**

Rule 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a
party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Fed.
R. Civ. P. 26(c)(1)*. And, "it is within the discretion of the district court to grant [the defendant]
the 'rare dispensation' of anonymity against the world (but not the plaintiff)." *Sunlust Pictures,
LLC v. Does 1-75*, 2012 WL 3717768 (N.D. Ill. 2012) (emphasis added), (quoting *United States
v. Microsoft Corp.,* 56 F.3d 1448, 1464 (D.C.Cir.1995)). To allay any concern about
embarrassment and reputational injury, Plaintiff does not object to filing Doe 19's information
under seal and allowing him to remain anonymous through the end of discovery, so long as
Plaintiff is not prevented from conducting discovery in an orderly and efficient manner.
Notwithstanding the foregoing, Plaintiff objects to the entry of a protective order to the extent

that it would bar Plaintiff from receiving the subpoenaed information.  As previously stated, Plaintiff has no other way to proceed with its claims for copyright infringement and this case cannot progress without the Does' identifying information.

Doe 19's concerns about coercive settlement tactics are unfounded and have been rejected by courts across the country.  First, "[t]hough [Defendant] expresses a concern regarding the fairness of Plaintiff's settlement practices, Rule 45 does not contemplate quashing a subpoena on this basis."  *Malibu Media, LLC v. John Does 1-22*, 2013 WL 24526 (D. Colo. 2013).  Additionally, "the John Doe Defendants' argument about coercive settlements is <u>simply without any merit in those cases where the John Doe Defendant is represented by counsel</u>."  *Malibu Media, LLC v. John Does 1-9*, 8:12-cv-669-T-23AEP, [CM/ECF 25] at *7 (M.D. Fla. 2012) (emphasis added).  Because Doe 19 is represented by counsel here, concern about coercive settlements is also without any merit.  Further, Courts have recognized that "[u]pon receipt of the identifying information sought in the subpoenas, the plaintiff is entitled to seek settlement with these individuals, or decide that pursuing a lawsuit against particular defendants is no longer feasible or cost-effective. Either course selected by the plaintiff would give the copyright owner the opportunity to effectuate its statutorily protected rights and thereby serves our system of justice."  *AF Holdings LLC v. Does 1-1,058*, 83 Fed. R. Serv. 3d 10 at *17 (D.D.C. 2012).

**III.    <u>JOINDER IS PROPER</u>**

Fed. R. Civ. P. 20 permits joinder when plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action."  Rule 20(a) not only permits joinder when there is the same transaction or occurrence, it also permits joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability.   Plaintiff has done both here.

"'With the advent of industrialization, high-speed transportation, and urbanization, more intricate disputes appeared with greater frequency,' requiring greater use of the more liberal joinder procedures." *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1094 (2d Cir. 1992) (*quoting 6A Wright, Miller & Kane § 1581*). "Here, the nature of the technology compels the conclusion that defendants' alleged transactions were part of the same 'series of transactions or occurrences.' Accordingly, we find that the Rule 20(a)(2) criteria for joinder are satisfied." *Malibu Media, LLC v. John Does 1-5*, 2012 WL 3641291 (S.D.N.Y. 2012) (emphasis added). Plaintiff's Complaint alleges more than "merely committing the same type of violation in the same way" because the operation of the BitTorrent protocol necessitates a synergistic effort by all peers in a swarm.

### A. The Infringement Occurred Through a Series of Transactions

Under Fed. R. Civ. P. 20(a) "series" has been interpreted by Circuit Courts to mean a "logically related" fact pattern.

> [A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

*Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different but for each of the Defendants' infringements.

### i. Here, Plaintiff Properly Pled a Series of Transactions

Plaintiff alleges that its investigator, IPP Limited, was able to receive a piece of Plaintiff's copyrighted movie from each Defendant. In order for Plaintiff's investigator to have received this piece, each alleged infringer must have had part of Plaintiff's movie on his or her computer and allowed others to download it.

There are four possible ways that each Defendant may have received the piece of the movie that was sent to IPP Limited. First, the Defendant may have directly connected with the initial seeder and downloaded a piece of the file directly from the initial seeder's computer. Second, the Defendant may have directly connected to and received a piece of the movie from a seeder who downloaded the movie from the initial seeder or other infringers. Third, the Defendant may have connected to or received a piece of the movie from other Defendants that received the movie from the initial seeder or other infringers. Fourth, the Defendant may have connected to or received a piece of the movie from other infringers who downloaded from other Defendants, other infringers, other seeders, or the initial seeder.

"In other words . . . at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP." *Patrick Collins, Inc. v. John Does 1-21*, 2012 WL 1190840, at *5 (E.D. Mich. 2012). See also *Raw Films v. John Does 1-15*, 2012 WL 1019067, at *4 (E.D. Pa. 2012) ("the claims against each Doe defendant appear to arise out of the same series of transactions or occurrences, namely, the transmission of pieces of the same copy of the Work to the same investigative server.") Each defendant participated in the same series of transactions. These transactions are all reasonably related, not just because Defendants used BitTorrent, but also because Defendants utilized the computers of others to download the same file, and allowed others to access their computer to receive it.

### ii. The Supreme Court Allows Joinder When the Defendants Do Not Directly Interact With Each Other

In *United States v. Mississippi*, 380 U.S. 128 (1965) the Supreme Court found that the joinder of six defendants, election registrars of six different counties, was proper because the allegations were all based on the same state-wide system designed to enforce the voter registration laws in a way that would deprive African Americans of the right to vote. Although the complaint did not allege that the registrars directly interacted with each other, or even that they knew of each other's actions, or that each other's actions directly affected each other in any way, the Supreme Court interpreted Rule 20 to hold a right to relief severally because the series of transactions were related and contained a common law and fact. *Id.* at 142-143.

> [T]he complaint charged that the registrars had acted and were continuing to act as part of a state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote solely because of their color. On such an allegation the joinder of all the registrars as defendants in a single suit is authorized by Rule 20(a) of the Federal Rules of Civil Procedure.

*Id.* at 142. Indeed, the Supreme Court held all of the defendants were joined properly because they were all acting on the basis of the same system which created a transactional relatedness.

Likewise, in the case at hand, it is not necessary for each of the Defendants to have directly interacted with each other Defendant, or have shared a piece of the file with each and every Defendant when downloading the movie. Defendant's argument that joinder is improper because the infringement occurred from different locations using different IP addresses is therefore unavailing. The Defendants are properly joined because their actions directly relate back to the same initial seed of the swarm, and their alleged infringement further advances the series of infringements that began with that initial seed and continued through other infringers. The Defendants all acted under the same exact system. Just as it was not alleged in *United States v. Mississippi* that the registrars shared with each other their efforts to prevent African

10

Americans from voting, it is not necessary for the Defendants to have shared the pieces of the movie with each other. It is sufficient that the Defendants shared pieces that originated from the same exact file, and opened their computer to allow others to connect and receive these pieces.

### B. The Time Period For Infringement

The nature of the BitTorrent protocol provides for continuous seeding and distributing of the movie long after it has downloaded. Without stopping the program by physically un-checking the automatic seeding, an alleged infringer likely will seed and distribute a movie for an extended period of time. Even after an infringer has completed a download of the movie, he or she may distribute the movie for weeks after having received the download.

> [I]t is not that an infringer would wait six weeks to receive the Movie, it is that <u>the infringer receives the Movie in a few hours and then leaves his or her computer on with the Client Program uploading the Movie to other peers for six weeks</u>. Because the Client Program's default setting (unless disabled) is to begin uploading a piece as soon as it is received and verified against the expected Hash, it is not difficult to believe that <u>a Defendant who downloaded the Movie on day one, would have uploaded the Movie to another Defendant or peer six weeks later</u>. This consideration, however, is irrelevant since <u>concerted action is not required for joinder</u>.

*Patrick Collins, Inc. v. John Does 1-21*, 2012 WL 1190840 (E.D. Mich. 2012) (emphasis added). Here, Plaintiff's investigator received a piece of the movie from the defendants when they were allegedly distributing it to others.

"While the period at issue may . . . appear protracted by ordinary standards, the doctrine of joinder must be able to adapt to the technologies of our time." *Malibu Media, LLC v. John Does 1-5*, 2012 WL 3641291 (S.D.N.Y. 2012) (memorandum and order denying motion to sever and dismiss). "[T]he <u>law of joinder does not have as a precondition that there be temporal distance or temporal overlap</u>; it is enough that the alleged BitTorrent infringers participated in the same series of uploads and downloads in the same swarm." *Patrick Collins, Inc. v. John Does 1-21*, 2012 WL 1190840 (E.D. Mich. 2012) (emphasis added).

### C. <u>There Are Common Issues of Fact and Law</u>

Rule 20(a)(2)(B) requires the plaintiff's claims against the putative defendants to contain a common question of law or fact. "[T]he suit involves questions of law and fact that are common to all defendants. Plaintiff's complaint singles out several legal questions underlying the claims against each defendant." *First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 257 (N.D. Ill. 2011). In order to succeed against each Defendant, Plaintiff will have to establish, for example, the elements of a valid copyright infringement claim against each. Namely, Plaintiff will be required to prove ownership of a valid copyright, copying of constituent elements of the work that are original, and that entering the BitTorrent swarm was a volitional act of infringement by each Defendant. Further, Plaintiff will have to show common factual issues related to the operation of the BitTorrent protocol itself and Plaintiff's method for investigating evidence about the infringing activity. Accordingly, Plaintiff satisfies this requirement. *See also Nu Image, Inc. v. Does 1-3, 932*, 2012 WL 1255189 (M.D. Fla. 2012); *Call of the Wild Movie v. Does 1-1,062*, 770 F. Supp. 2d 332, 343 (D.D.C. 2011); *Patrick Collins, Inc. v. John Does 1-33*, 2012 WL 415424 (D. Colo. 2012); *Malibu Media, LLC v. John Does 1-15*, 2012 WL 3089383 (E.D. Pa. 2012); *Patrick Collins Inc., v. John Does 1-43*, 2:11-cv-04203-FSH-PS (D. NJ 2012).

### D. **Joinder is Proper Because Plaintiff Properly Pled Defendants Were Jointly and Severally Liable**

Requiring the Defendants to directly send each other a piece of the movie contradicts joinder principles because joinder is proper when a plaintiff pleads joint and several liability. See e.g. *Genetic Technologies Ltd. v. Agilent Technologies, Inc.*, 2012 WL 1060040 (D. Colo. 2012) ("It is uncontested that Plaintiff does not assert joint or several liability here, which would be a *separate* basis for joinder.") (Emphasis added.) Rule 20(a) provides for "any right to relief jointly, severally, or in the alternative." In this case Plaintiff pled both joint and several liability.

12

> Relief May be Sought "Jointly, Severally, or in the Alternative": It is *not* necessary that each plaintiff or defendant be involved in every claim set forth in the complaint. Thus, for example, if there are several plaintiffs (e.g., driver and passenger in auto accident), each may seek *separate* relief. Likewise, if there are several defendants, relief may be sought against each of them separately, or against all of them jointly. [FRCP 20(a); *Dougherty v. Mieczkowski* (D DE 1987) 661 F.Supp. 267, 278]

*Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 7-D*. "[C]oncert of action, *i.e.,* a right to relief jointly, is <u>not</u> a precondition of joinder. Plaintiff asserts a right to relief jointly against Defendants *and* severally. Therefore, the first clause of Rule 20(a)(2)(A) is satisfied by the assertion of a right severally." *Patrick Collins, Inc. v. John Does 1-21*, 2012 WL 1190840, at *8 (E.D. Mich. 2012).

By requiring Defendants to directly interact with each other, the Court would require the Defendants to be jointly liable with each other. Because Rule 20 provides that a party may be joined if the claims against them are <u>either</u> jointly or severally liable, the requirement that defendants directly shared pieces of the movie with each other contradicts the language of Rule 20.

> A right to relief against defendants jointly requires concerted action by two or more parties. A right to relief severally against defendants means that each right to relief is separate and distinct from defendant to defendant and no interaction among the defendants is required. An 'alternative' right to relief may be asserted when plaintiff knows one of the defendants is liable, but does not know which one. *4 Moore's Federal Practice § 20.03.* <u>Plaintiff asserts a right to relief against Defendants jointly and a right to relief severally; however, a right to relief against the Defendants severally alone is sufficient to satisfy the first clause of Rule 20.</u>

*Id.* (Emphasis added).

### E. <u>Joinder Promotes Judicial Efficiency and is Beneficial to Putative Defendants</u>

Joinder of the Defendants creates judicial efficiency, particularly at this stage of the litigation process and is beneficial to the Doe Defendants. "[Defendant] . . . asks the Court to exercise its discretion to sever the case because joinder does not promote judicial economy . . .

13

[But,] [j]oinder at the discovery phase would be more efficient than the same discovery in . . . separate cases . . . At this point . . . severance is denied." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 (C.D. Ill. 2012). *See also Patrick Collins, Inc. v. John Does 1-33*, 2012 WL 415424 (D. Colo. 2012) ("The Court finds that joinder, at this stage of the litigation, will not prejudice any party and will promote judicial efficiency."); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 at n. 6 (S.D.N.Y. 2012) ("[C]ourts have opined that requiring aggrieved parties to file hundreds or even thousands of separate copyright infringement actions would neither be cost efficient for the plaintiffs nor promote convenience or judicial economy for the courts.")

Although Doe Defendants may later assert different factual and legal defenses, "[p]rospective factual distinctions . . . will not defeat the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B) at this stage in the litigation." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011). See also *K-Beech Inc., v. John Does 1-57*, Case 2:11-cv-00358-CEH-SPC, at *12 (M.D. Fla. 2011) (same); *Patrick Collins, Inc. v. John Does 1-15*, 2012 WL 415436 (D. Colo. 2012) (same) (quoting *Call of the Wild Movie,* 770 F.Supp.2d at 343).

**F.  This Court Has Previously Issued Six (6) Opinions Holding Joinder is Proper**

This Court has issued six (6) opinions addressing the same issues in BitTorrent copyright infringement actions holding that similar motions should be denied because joinder is proper at this stage of the litigation proceedings. *See First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 257 (N.D. Ill. 2011) ("At this stage, joinder is appropriate."); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011) ("An examination of each of these requirements shows that joinder is proper at this time."); *MGCIP v. Does 1-316*, 2011 WL 2292958 (N.D. Ill. 2011) ("The Court also finds that the putative defendants' arguments that they were improperly joined are premature."); *Hard Drive Productions, Inc. v. Does 1-55*, 2011 WL

14

4889094 (N.D. Ill. 2011) ("At this pleading stage, Hard Drive's allegation that Does 1–55 have infringed Hard Drive's copyright through BitTorrent—the nature of which necessitates a concerted action by many people in order to disseminate files—is sufficient to satisfy Rule 20(a)."); *Pac. Century Int'l v. Does 1-31*, 2012 WL 2129003 (N.D. Ill. 2012) ("at least at this stage, Plaintiff's allegations that the anonymous defendants participated in the same "swarm" (at varying times spanning just over one month) sufficiently alleges that they were involved in "a series of transactions" to warrant joinder under Rule 20."); *Sunlust Pictures, LLC v. Does 1-75*, 2012 WL 3717768 (N.D. Ill. 2012) ("joinder is appropriate in this case because Sunlust has alleged sufficient facts to provide a basis for joinder of all of the defendants.")

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: March 28, 2013

Respectfully submitted,

SCHULZ LAW, P.C.

By:     /s/ *Mary K. Schulz*
        Mary K. Schulz, Esq.
        1144 E. State Street, Suite A260
        Geneva, Il 60134
        Tel: (224) 535-9510
        Fax: (224) 535-9501
        Email: schulzlaw@me.com
        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:     /s/ *Mary K. Schulz*